[No. A069224. First Dist., Div. Five. June 12, 1995.]

JAMES B., Petitioner, v.
THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent;
HUMBOLDT COUNTY DEPARTMENT OF SOCIAL SERVICES, Real
party in Interest.

**COUNSEL**

Joyce D. Hinrichs for Petitioner.

Stephen R. Nielson, County Counsel, and Rosanne M. Zuber, Deputy County Counsel, for Real Party in Interest.

**OPINION**

**KING, J.**—Petitioner James "Terry" B. is the father of two dependent children of the juvenile court, Aaron B. and Justin B. Pursuant to California Rules of Court, rule 39.1B, petitioner filed a petition for extraordinary relief seeking review of the trial court's order terminating reunification services

and setting a permanency planning hearing pursuant to Welfare and Institutions Code section 366.26[1] Petitioner contends that the court erred when it found that he had been offered sufficient reunification services. We conclude the order setting the section 366.26 hearing is supported by substantial evidence. Accordingly, we deny the petition.

The minors were detained as dependent and neglected children in October 1993. Aaron was six; Justin was three. Both were grossly underweight and physically underdeveloped. Both suffered from fetal alcohol syndrome. Justin suffered considerable medical problems, including emaciation, which were not being treated. The minors' mother had a considerable alcohol problem; petitioner both admitted and denied regular drug use. There were indications of domestic violence. The minors lived with their parents in an unsanitary trailer home. The trailer was heated by a wood-burning stove. Since the stove was not properly screened, and the trailer was at least partially made of wood, the stove's open flames created a substantial fire hazard.

After the jurisdiction of the juvenile court was established, the children were placed in a foster home. The parents agreed to participate in reunification services. The agreement called for both parents to create a safe, stable home in which they could meet the developmental, emotional, and special medical needs of the minors. In particular, petitioner agreed to take a parenting class and to seek counseling regarding domestic violence and substance abuse.

After the 12-month review hearing, at which petitioner was represented by an attorney, the trial court found that petitioner had failed to meet the terms of the reunification agreement.[2] Petitioner did complete a parenting class but the instructor concluded he lacked parenting skills. More significantly, petitioner did not enter, much less complete, any counseling program for domestic violence or for substance abuse. He contended below that the counseling programs he contacted concluded that no counseling was necessary; he misstates the facts. The counseling programs refused to counsel

---

[1]Recent amendments to the Welfare and Institutions Code provide that a petition for extraordinary relief is generally the exclusive means by which an aggrieved party may challenge an order setting a permanency planning hearing. (Welf. & Inst. Code, § 366.26, subd. (*l*).) These petitions for extraordinary relief are governed by procedures set forth in rule 39.1B. A discussion of the amendments and the rule 39.1B procedures is presented in *In re Shaundra L.* (1995) 33 Cal.App.4th 303, 306-316 [39 Cal.Rptr.2d 299].)

All statutory references in this opinion are to the Welfare and Institutions Code. References to "the Rule" are to California Rules of Court, rule 39.1B.

[2]The minors' mother's failure to abide by her agreement is not at issue in this proceeding, and the mother is not a party thereto.

petitioner because of his advanced state of denial, which has characterized petitioner's attitude toward the minors' difficulties throughout these proceedings. Since petitioner would not admit he had spousal and substance abuse problems—despite substantial indications that he did—counseling was considered pointless. The trial court concluded petitioner had "made no progress" toward reunification.

The trial court found by clear and convincing evidence that returning the minors to petitioner would create a substantial risk of detriment to their physical and emotional well-being. The court further found, also by clear and convincing evidence, that reasonable reunification services had been provided petitioner. In addition, the court found that petitioner had failed to comply with the reunification case plan, and that there was no substantial probability reunification could occur within 18 months of the initial dependency detention. The court terminated reunification services and ordered that a hearing be set pursuant to section 366.26 for implementation of a permanent plan for long-term foster care, legal guardianship, termination of parental rights or adoption.

This petition followed. The matter has been fully briefed and petitioner has expressly waived oral argument.

Before we reach the merits, we briefly note various procedural problems presented to the courts by the Rule.  ■  Pursuant to the Rule, the "respondent's brief" must be submitted within 10 days of the date the petition was filed. (Cal. Rules of Court, rule 39.1B(k).) The respondent, of course, is the superior court; it is the *real party in interest* who must file a brief in opposition to the petition. The use of the language "respondent's brief" is a misnomer, no doubt caused by the unfortunate hybridization of appeal and writ procedures by the drafters of the Rule. (See *Steve J.* v. *Superior Court* (1995) 35 Cal.App.4th 798 [41 Cal.Rptr.2d 731].)

When a writ proceeding under the Rule is fully briefed, the Court of Appeal is *required* to conduct oral argument absent a waiver thereof. The Rule provides that oral argument "shall" be held in each case within 30 days of the filing of the opposition to the petition, unless argument is waived or there is good cause for an extension of time. (Cal. Rules of Court, rule 39.1B(o).) The Rule also requires that we determine the petition on its merits, absent exceptional circumstances. (Cal. Rules of Court, rule 39.1B(m).) The Rule, however, fails to provide for a mechanism analogous to an alternative writ or an order to show cause, so that a cause is created and a written opinion is filed and becomes law of the case. Our Supreme Court has made it clear that these are necessary conditions in writ cases for plenary

review on the merits. (See *Kowis* v. *Howard* (1992) 3 Cal.4th 888, 894-895, 899 [12 Cal.Rptr.2d 728, 838 P.2d 250].)

The Rule's failures place appellate courts in a procedural quandary. As aptly pointed out in *In re Shaundra L.*, *supra*, 33 Cal.App.4th at pages 313-316, Supreme Court decisional law on the lore of writs requires an alternative writ or an order to show cause before there can be full-blown merit review of a writ proceeding.[3] The Legislature clearly intended such plenary review of the merits in section 366.26 cases. (33 Cal.App.4th at pp. 314-315.) Thus, the Rule's failure to provide for such a procedure violates the writ lore of this state as expressed in Supreme Court decisions. For this reason *Shaundra L.* concluded that either an alternative writ or an order to show cause was required. (*Id.* at p. 316.)

Unfortunately, in most of these cases there simply is not time for the usual writ procedures—another aspect of procedure apparently overlooked by the drafters of the Rule. The Rule does not appear to contemplate the amount of time usually required for the issuance of an alternative writ or order to show cause, a return thereto, and review of the record by this court, all within the 30 days prior to oral argument. The Rule also does not contemplate that by issuing an alternative writ the appellate court can lose control of the proceedings. An alternative writ, which commands the trial court to change its ruling or in the alternative appear and argue why a peremptory writ should not issue, often is construed by the trial court as a command to reverse itself. An alternative writ is not a calendar notice for oral argument of an appeal.

To add to the conundrum, these writ petitions are frequently not fully briefed until the section 366.26 hearing is almost upon us. The trial court will set a section 366.26 hearing within only four months. During that time the writ record must be prepared and filed, and the matter must be briefed and argued. This court has observed several cases in which the section 366.26 hearing is literally only a matter of days or weeks away, and there simply is no time for oral argument. Moreover, our hands are effectively tied by the Rule's virtual prohibition of stays of section 366.26 hearings. (Cal. Rules of Court, rule 39.1B(n).)

---

[3]We hasten to dispel the bar's common misconception that a summary denial of a writ petition suggests summary consideration. The Courts of Appeal review and evaluate the hundreds of petitions filed each year in each appellate district. The merits of these petitions are fully examined. Sheer volume prohibits a written decision in every case, and one is not required. (See *Kowis* v. *Howard*, *supra*, 3 Cal.4th at p. 893.)

As the discussion in the text indicates, the Legislature in section 366.26 cases intended more than a mere examination of the merits of a petition in the justices' chambers; the Legislature intended plenary review of the merits leading to a written opinion which is law of the case.

Faced with these time constraints, with the reality of deciding these cases on the merits so that parents and children will not be prejudiced, and faced with a Rule which requires judicial action to fill in its blanks with reasonable procedures, the First District issues a "Notice of Oral Argument in Lieu of an Alternative Writ or Order to Show Cause" in every fully briefed section 366.26 writ proceeding in which oral argument does not appear useful, or simply cannot be scheduled in the time remaining before the hearing. This notice formally assigns the matter an oral argument date and informs the parties that we consider the matter fully briefed and that oral argument will serve no useful purpose. It provides that oral argument will be deemed waived unless requested by a date certain. It further informs the parties that we will determine the matter on its merits and that our written decision would create a cause.

There is yet another layer of confusion to these proceedings. We use the oral argument notice procedure because we feel it is the best we can do; the Fifth District uses the procedure because it believes it authorized by *Bay Development, Ltd.* v. *Superior Court* (1990) 50 Cal.3d 1012 [269 Cal.Rptr. 720, 791 P.2d 290]. (*Steve J.* v. *Superior Court, supra,* 35 Cal.App.4th at p. 808.) We disagree with *Steve J.* The *Bay Development* case involved the question of whether an opinion-length writ denial, without issuance of an alternative writ or order to show cause, was *immediately final* under California Rules of Court, rule 24(a), in the fashion of a one-line summary denial. The decision not only did not discuss the question whether an oral argument notice may substitute for the alternative writ/order to show cause procedure, but it specifically adhered to that procedure in a footnote. (50 Cal.3d at p. 1025, fn. 8.) Furthermore, *Steve J.* reasoned that the alternative writ or order to show cause was not necessary in section 366.26 cases because law of the case is "irrelevant." (35 Cal.App.4th at p. 809.) With all due respect, we conclude that law of the case is entirely relevant to these proceedings, as the issues surrounding the setting of a section 366.26 hearing are vital to the remainder of the case and must be binding on the parties in future proceedings to terminate parental rights.

For these and other reasons[4] we call upon the Supreme Court to authoritatively interpret the Rule, or upon the Judicial Council to substantially amend it.

---

[4]The Rule has other procedural problems. As we note in the companion case filed today (*Roxanne H.* v. *Superior Court* (1995) 35 Cal.App.4th 1008 [41 Cal.Rptr.2d 760]), it is unclear what sanctions are to be imposed for the untimely filing of a notice of intent to file a writ petition. With regard to record preparation, the county clerk is responsible for preparing the record—*before* the petition is filed. Any problems with timely record preparation, including the need for augmentation, must be addressed in the absence of any appellate jurisdiction, which is only triggered by the filing of the petition for extraordinary relief. Should the record be incomplete, but at the fault of the county clerk and not the petitioner, should the petition

■ Pursuant to subdivision (m) of the Rule, we now determine the petition on its merits.

The sole contention of the petition is that reunification services were insufficient because the foster home was located in McKinleyville, some 50 or 60 miles away from petitioner's residence in Bridgeville. Petitioner contends it is "obvious" that "the closer a child is to his . . . parent, the more likely it is that reunification services will be successful." Petitioner clearly uses the word "closer" to denote physical or geographic proximity. However, he cites no authority for the premise we have just quoted.[5] He insists, however, that the 50 to 60 miles distances "was an insurmountable barrier."

Petitioner overlooks our standard of review. "We review the correctness of an order pursuant to section 366.21 to determine if it is supported by substantial evidence." (*In re Shaundra L.*, *supra*, 33 Cal.App.4th at p. 316; *In re Joanna Y.* (1992) 8 Cal.App.4th 433, 439 [10 Cal.Rptr.2d 422].) In this case the trial court filed a written order making several factual determinations on the question at issue: whether the distance between the foster home and petitioner's residence rendered reunification services insufficient. Petitioner fails to address the trial court's determinations and fails to even argue, much less establish, that they are not supported by substantial evidence.

The trial court found as follows:

"Counsel for [petitioner] claims that the placement [in the foster home], at such a distance, has prevented the parents from meaningfully participating in the [reunification] case plan. The court finds otherwise for many reasons: [¶] 1. [Petitioner has] made no effort to enroll in the substance abuse treatment programs required; [¶] 2. [Petitioner has] made no attempts to attend medical, psychological or case meetings concerning [his] sons; [¶] 3. [Petitioner has] made no complaints, other than counsel's argument that [his] lack of participation was caused by the location of the foster home; [¶] [Petitioner has] made infrequent contact with [his] sons although provided transport funds by the County; [¶] 5. The location of the foster home did not prevent participation in the substance abuse programs in Eureka; [¶] 6. The evidence shows that the only foster home available was in McKinleyville. This is supported by the testimony of Mr. Lent [and] Ms. Wheeler[,] and the fact that [the minors] need the services of over 10 medical specialists, numerous

be denied for lack of an adequate record, thereby precluding future appellate review? (§ 366.26, subd. (*l*)(2).)

[5]Saying something is "obvious" does not make it so.

educational and psychological specialists and foster parents knowledgeable in how to care for [the minors]. The court finds that there was no other qualified foster home available at the time of detention; [and] [¶] The court finds that the County had no duty, on these facts, to attempt to change the foster placement to make it easier for [petitioner] to have contact with [his] sons."

Having reviewed the record we conclude these factual determinations of the trial court are supported by substantial evidence. The order terminating reunification services and setting a section 366.26 hearing was therefore appropriate and will not be set aside.

We conclude with an advisory note. Most of the time counsel in these writ proceedings will be more experienced at the trial than the appellate level. Although out of their traditional trial element, counsel must take note of the substantial evidence standard of appellate review. The Court of Appeal is not a second trier of fact and a writ petition is not a trial brief. We are bound to uphold the challenged order, particularly if supported by findings of fact, if it is supported by substantial evidence. Evidence not favorable to the petitioner cannot be simply ignored as if it does not exist. In future, counsel's failure to acknowledge the proper standard of review might, in and of itself, be considered a concession of lack of merit.

As aptly stated some years ago, "With rhythmic regularity it is necessary for us to say that where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is *any* substantial evidence to support them; that we have no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom. No one seems to listen." (*Overton* v. *Vita-Food Corp.* (1949) 94 Cal.App.2d 367, 370 [210 P.2d 757].)

The petition for extraordinary relief is denied on the merits. (See Cal. Const., art. VI, § 14; *Kowis* v. *Howard, supra*, 3 Cal.4th 888.) Petitioner is barred in any subsequent appeal from making further challenges to the order terminating reunification services and setting a hearing under section 366.26.

(§ 366.26, subd. (*l*).)[6] Since the permanency planning hearing is set for June 26, 1995, this opinion is final as to this court forthwith. (Cal. Rules of Court, rule 24(d).)

Peterson, P. J., and Haning, J., concurred.

---

[6]Since the court must find that sufficient reunification services had been made available to the parent before termination, the bar of further challenges necessarily extends, inter alia, to the issue of sufficiency of services.