Filed 11/6/14  Margarita S. v. Super. Ct. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MARGARITA S., | D066383 |
| Petitioner, | |
| v. | (San Diego County Super. Ct. No. SJ12868E) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY et al., | |
| Real Parties in Interest. | |


PROCEEDINGS for extraordinary relief after reference to a Welfare and

Institutions Code section 366.26 hearing.  Daniel G. Lamborn, Judge.  Petition denied;

request for stay denied.


Dependency Legal Group of San Diego and John P. McCurley for Petitioner.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Real Party in Interest San Diego County Health and Human Services Agency.

Margarita S. seeks writ review of the juvenile court's July 18, 2014, order setting a Welfare and Institutions section 366.26 hearing regarding her youngest daughter, Q.S. (born 2014). (Undesignated statutory references are to the Welfare and Institutions Code.) Margarita contends the court erred by denying reunification services based on her failure to reunite with a sibling or half sibling of Q.S. in a previous dependency proceeding. (§ 361. 5, subd. (b)(10).) We deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, the San Diego County Health and Human Services Agency (Agency) filed petitions for D.C., L.C. and R.S. after the minors were removed from Margarita's home because of the "filthy and unkempt" conditions of the home and concerns about Margarita's marijuana use. The children had not been attending school regularly, there was minimal food in the home and they had ongoing lice and skin rash issues. Margarita gave birth to P.I. in May 2013. In July 2013, P.I. was removed after allegedly being "exposed to violent confrontations" involving Margarita and the father. Although Margarita was ordered to participate in services, she failed to do so and her services were terminated in March 2014.

Q.S. was born in May 2014. At that time, Margarita and Q.S. tested negative for controlled substances. The Agency filed a petition alleging Q.S. was at substantial risk because her sibling had been abused or neglected, exposed to domestic violence and

2

substance abuse. Q.S. was detained in the home of the paternal grandmother. At the combined jurisdiction and disposition hearing held in July 2014, the Agency and counsel for Q.S. argued that services should not be provided. At the dispositional hearing, after considering the evidence and argument by counsel, the court found section 361.5, subdivision (b)(10) applied, it denied services and set the matter for a section 366.26 hearing.

Margarita filed a petition for review of the court's orders. (§ 366.26, subd. (*l*); Cal. Rules of Court, rule 8.452.) We issued an order to show cause, the Agency responded and the parties waived oral argument.

DISCUSSION

It is presumed in dependency cases that parents will receive reunification services. (*Cheryl P. v. Superior Court* (2006) 139 Cal.App.4th 87, 95.) Nonetheless, subdivision (b) of section 361.5 "sets forth a number of circumstances in which reunification services may be bypassed altogether. These bypass provisions represent the Legislature's recognition that it may be fruitless to provide reunification services under certain circumstances." (*Francisco G. v. Superior Court* (2001) 91 Cal.App.4th 586, 597.) Subdivision (b)(10) of section 361.5 provides that services need not be provided if the parent failed in a previous dependency to reunite with a sibling or half sibling of the child who is the subject of the current petition.

To apply this provision, the juvenile court must find by clear and convincing evidence that (1) the parent had previously failed to reunify with a sibling, and (2) the parent has not made a reasonable effort to treat the problems leading to the removal of the

3

sibling. (§ 361.5, subd. (b); *Cheryl P. v. Superior Court*, *supra*, 139 Cal.App.4th at p. 96.) In assessing a parent's efforts to overcome the problem that led to the removal of a child's sibling, the juvenile court considers the duration, extent, and context of the parent's effort and the degree of progress. (*R.T. v. Superior Court* (2012) 202 Cal.App.4th 908, 915.) We must affirm an order setting a section 366.26 hearing if it is supported by substantial evidence. (*James B. v. Superior Court* (1995) 35 Cal.App.4th 1014, 1020.) We do not consider the credibility of witnesses, attempt to resolve conflicts in the evidence or weigh the evidence and must draw all reasonable inferences in support of the court's findings. (*Id.* at p. 1021.)

Margarita does not dispute satisfaction of the first prong of section 361.5, subdivision (b)(10), that she previously failed to reunify with a sibling or half sibling of the minor. She argues substantial evidence did not support the finding she had failed to make reasonable efforts to treat the problems that led to the removal of Q.S.'s siblings or half siblings.

When Q.S. was born, Margarita denied having a drug problem, denied any history of domestic violence, blamed others for her previous dependency and did not acknowledge any responsibility. Although the juvenile court found that Margarita had made reasonable efforts to resolve her substance abuse, it noted that she had made no effort to address her history of domestic violence and child neglect. Substantial evidence supports these findings.

In July 2013, the Agency removed P.I. from Margarita's care after she had been exposed to acts of domestic violence. Nonetheless, Margarita failed to participate in

4

previously ordered domestic violence treatment and failed to comply with three safety plans that had been put into place. At the time of Q.S.'s detention, Margarita denied any history of domestic violence. When a social worker reminded Margarita of a recent altercation with the father where the father ripped clothing and threw objects, Margarita responded, "[i]t was funny, not violent," apparently unaware that thrown objects can hurt an infant. Moreover, in June 2014, only a month before the jurisdiction and disposition hearing, Q.S.'s paternal grandmother informed the Agency that Margarita and the father "fought a lot" and the father often telephoned "crying, acting like a 12 year old" stating that Margarita was going to beat him up. This evidence revealed that domestic violence remained an untreated and valid concern.

Substantial evidence also supports the court's decision to deny services to Margarita based on her failure to make reasonable efforts to address the neglect of Q.S's three older half siblings. The Agency removed Q.S.'s half siblings from Margarita because her home was filthy, there was minimal food, the children were not regularly attending school and had lice and skin issues. Margarita failed to participate in any services to address these issues. Although Margarita began a 52-week parenting program just before the jurisdiction and disposition hearing, she had attended only two classes. This effort was too little and too late, especially given the social worker's report that Margarita did not take personal responsibility for the condition of her children and showed no insight as to how she placed them in danger. The social worker ultimately concluded that Margarita did not have the capacity to be a safe and nurturing parent.

5

Additionally, at the time of the hearing it appeared Margarita did not have a place to live or a job.

In summary, the record supports the juvenile court's conclusion that Margarita did not make a reasonable effort to treat the problems that led to the removal of Q.S.'s siblings or half siblings.

### DISPOSITION

The petition is denied.  The request for a stay is denied.


MCINTYRE, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.