Filed 8/27/25  Wang v. Jiang CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| GUI WANG,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>YUANZHAO JIANG,<br><br>    Defendant and Appellant. | B335244; B339080<br><br><br>(Los Angeles County<br>Super. Ct. No. 22STFL04483) |

APPEAL from judgments of the Superior Court of Los Angeles County, Bradley S. Phillips, Judge. Affirmed.

    Yuanzhao Jiang, in pro. per., for Defendant and Appellant.

    No appearance for Plaintiff and Respondent.

# INTRODUCTION

This is the second appeal in this family law case. In the first appeal, a different panel of this court affirmed a five-year domestic violence restraining order, issued on September 28, 2022, against appellant Yuanzhao Jiang (Jiang) and in favor of respondent Gui Wang, and their daughter, Mingxin Jiang. (*Wang v. Jiang* (Jan. 29, 2025, B324791) [nonpub. opn.].)

In this consolidated appeal[1], Jiang now challenges the judgment of dissolution and the judgment on reserved issues, entered on October 23, 2023 and March 20, 2024 respectively. He makes several arguments for reversal of the judgments, including that the trial court: violated his due process rights by proceeding in his absence; abused its discretion in denying him custody of his daughter and visitation; miscalculated child support by relying on only one month's earnings; and exhibited bias against him. None of his arguments is supported by coherent analysis and discussion, or pertinent legal authority. Nor has Jiang provided a reporter's transcript of any of the relevant proceedings, and no error is apparent on the face of the existing appellate record. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Our summary of the factual and procedural background is taken from the very limited record on appeal.

Wang filed a petition for dissolution of marriage on April 25, 2022. On October 13, 2023, the trial court called the matter for trial. Wang testified on her own behalf. Jiang was initially

---

1      On the court's own motion, on May 27, 2025, we consolidated case numbers B335244 and B339080 for argument and decision.

present, but "[d]ue to [Jiang's] medical issue, the court [took] a recess." The trial then resumed without the presence of Jiang. The court found that "irreconcilable differences have arisen" and granted "judgment of dissolution as to status only." It continued the trial, however, "on the remaining issues." The trial court entered judgment of dissolution on October 23, 2023, and reserved jurisdiction over all other issues.

On February 23, 2024, the trial court held a contested proceeding on reserved issues. Wang and Jiang appeared for the hearing. On March 20, 2024, the trial court entered judgment on reserved issues. Specifically, as to child custody and visitation, the court granted Wang sole legal and physical custody of their daughter, and ordered no visitation for Jiang. The trial court further ordered that Jiang pay Wang a monthly amount of $1,104.00 in child support.

Jiang separately appealed from the judgment of dissolution and the judgment on reserved issues. As noted above, we consolidated those appeals.

## DISCUSSION

### I. Fundamental Appellate Procedural Principles

It is a fundamental rule of appellate review that a trial court's order or judgment is presumed correct, and the appellant bears the burden to demonstrate prejudicial error. "All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) All contentions of error asserted in appellant's brief must include coherent analysis and discussion, supported by pertinent authority reflecting the logical and legal analysis by which the appellant reached the conclusions he urges

3

us to adopt. (*Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007.) The appellant's arguments must "be tailored according to the applicable standard of appellate review," (*Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1388), and failure to do so may be considered a concession that an assertion lacks merit. (*James B. v. Superior Court* (1995) 35 Cal.App.4th 1014, 1021.)

That Jiang is self-represented does not exempt him from these rules. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) He is entitled to " 'the same, but no greater consideration than other litigants and attorneys. [Citation.]' " (*Id.* at p. 1247; *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639, fn. omitted [self-represented litigant is bound by the "same restrictive rules of procedure as an attorney [Citation.]"].)

## II. Jiang Has Not Met His Burden to Show the Trial Court Erred

We begin with Jiang's appeal from the judgment of dissolution. Although not entirely clear, it appears Jiang's primary contention is that the court violated his due process rights by proceeding with trial despite his medical emergency. He also contends that the court "displayed a preconceived inclination towards issuing a ruling favorable to [Wang], disregarding [Jiang's] substantive claims" and that the court's failure to issue a detailed statement of decision violated Family Code section 2330.

The appellate record does not include a reporter's transcript of the trial. The record is therefore limited to the minute order that states: "Due to [Jiang's] medical issue, the court takes a recess. [¶] The trial resumes without the presence of [Jiang]." Because we cannot tell what occurred at the trial or

4

whether Jiang requested a continuance, Jiang has failed to demonstrate prejudicial error. (*Denham, supra,* 2 Cal.3d at p. 564.) Jiang's conclusory assertion that the judgment "caused substantial prejudice to the absent party" is insufficient. As discussed above, the court granted "judgment of dissolution as to status only" and continued the trial on all other issues, including custody and child support. We therefore discern no prejudice. (See *D.D. v. Pitcher* (2022) 79 Cal.App.5th 1047, 1057 [Prejudice is not presumed. Rather, "to obtain a reversal of the judgment, an appellant bears the burden of demonstrating not only that the trial court committed error but also that the error was prejudicial"].)

There is also no basis whatsoever in the limited appellate record for Jiang's assertion of judicial bias. (See *Electronic Equipment Express, Inc. v. Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 858–859, fn. 13 ["The party asserting errors at trial has the burden to properly present his case and to designate an adequate record"].)

Finally, Jiang fails to explain how the absence of a detailed statement of decision purportedly violates Family Code section 2330 (which provides a list of facts that must be provided in a petition for dissolution of marriage, such as the date of marriage and date of separation). He has thus forfeited this argument. (See, e.g., *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620 (*L.O.*) [" 'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.' . . . Consequently, '[w]hen an appellant . . . fails to support [a point] with reasoned argument and citation to authority, we treat the point as [forfeited]' "].)

5

Accordingly, Jiang has failed to carry his burden to demonstrate reversible error with respect to the judgment of dissolution.

Jiang's appeal from the judgment on reserved issues suffers from the same fatal flaws. Jiang again argues that the trial court violated his due process rights by proceeding in his absence. It is unclear from Jiang's appellate brief and the record, however, which hearings he did not attend. Jiang merely argues, without citation to the record, that the trial court conducted "critical hearings without [his] presence[.]" Based on our review of the record, on March 18, 2024, Jiang filed an ex parte application to continue an unspecified hearing set for that same day. The trial court denied the application. However, the judgment on reserved issues states that Jiang was present for the contested hearing held on February 23, 2024. Because we cannot determine the factual basis for Jiang's argument (i.e., which hearings he did not attend and the reason for his absence), we reject this argument as forfeited. (See *L.O., supra*, 96 Cal.App.5th at p. 620 [appellant forfeited arguments that were legally and factually unsupported].)

Jiang next argues the trial court abused its discretion by denying him custody of his daughter and visitation, and that the trial court misapplied Family Code section 4055[2] in calculating child support. As discussed below, these arguments are unsupported by reasoned analysis.

As to custody and visitation, Jiang argues the minute order "lacks any finding of risk from [Jiang]—previously the child's primarily caregiver . . . ." In addition to being undeveloped,

_____

[2]    Section 4055 provides the statewide uniform guideline for determining child support.

6

Jiang's argument is also refuted by the domestic violence restraining order issued against him and in favor of Wang and their daughter. Jiang also cites *In re Marriage of Burgess* (1996) 13 Cal.4th 25 and *Troxel v. Granville* (2000) 530 U.S. 57 (*Troxel*), but the basis for his reliance on those cases is not apparent. Neither case is relevant. (See *In re Marriage of Burgess, supra*, 13 Cal.4th at p. 29 [holding that "after a judicial custody order is in place, a custodial parent seeking to relocate bears no burden of establishing that it is 'necessary' to do so. Instead, he or she 'has the right to change the residence of the child, subject to the power of the court to restrain a removal that would prejudice the rights or welfare of the child.' "]; *Troxel, supra*, 530 U.S. at pp. 72–73 [application of a state statute to allow visitation rights to the paternal grandparents violated the mother's right, under the federal due process clause of the Fourteenth Amendment, to make decisions concerning the care, custody and control of her children].)

Regarding child support, Jiang argues the trial court erred by relying on an incomplete financial picture. Without citation to the record, he contends the court relied on only one month's earnings and disregarded his "DVRO-induced unemployment[.]" The "DissoMaster Report" attached to the child support order indicates Jiang's monthly income at the time the report was filed in February 2024 was $2,773. Jiang points to nothing in the record, and we have not located any evidence in the record, demonstrating Jiang's monthly income was inaccurate at the time of the report. We therefore reject Jiang's unsubstantiated argument.[3]

---

[3] Jiang again makes unfounded accusations of judicial bias and retaliation in connection with his appeal from the judgment

7

## DISPOSITION

The October 23, 2023 judgment of dissolution and March 20, 2024 judgment on reserved issues are affirmed. Wang is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


TAMZARIAN, J.

We concur:


COLLINS, Acting P. J.


MORI, J.

---

on reserved issues.  We deem these claims forfeited.  (See *L.O., supra,* 96 Cal.App.5th at p. 620.)