Filed 3/3/26  Brown v. Hall CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| RICHARD LOUIS BROWN, | C099488, C101465, C102417 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2022-80003793-CU-WM-GDS) |
| v. | |
| WILLIAM HALL et al., | |
| Defendants and Respondents; | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000, | |
| Real Party in Interest and Respondent. | |

SUMMARY OF THE APPEAL

In this consolidated appeal, Richard Louis Brown appeals from various orders made in two actions which were consolidated.  William Hall filed the first action and named Brown as a defendant, then Brown filed a cross-complaint.  Brown filed the second action and named Hall and other individuals as defendants.  Brown's briefs on appeal do not directly address the rulings it appears he identified in his notices of appeal,

1

and fail to comply with the requirements of California Rules of Court, rule 8.204, subdivision (a)(1)-(2). Based on these deficiencies, and similar deficiencies in amici's briefs, we affirm the decisions made by the trial court and reject any pleas Brown makes for relief in this court.

FACTS AND HISTORY OF THE PROCEEDINGS

Given the content of the many notices of appeal in this matter and the deficiencies in Brown's briefing, it is difficult to describe the precise nature of the causes of action, rulings, orders, and judgments at issue in this appeal. The following contains a rough outline of the parties' roles in this action and the rulings it appears Brown seeks to challenge.

### The Operative Complaints

In January 2021, Hall filed an action in Sacramento Superior Court against Brown (Hall action). The Union of California State Workers, doing business as Service Employees' International Union Local 1000 (Local 1000) was named as a real party in interest to the Hall action. According to the respondents' brief, the Hall action arose out of a series of disputes within Local 1000 about the union's internal governance.

In March 2022, Brown, who identified himself as the president of Local 1000, filed a cross-complaint against Hall and Local 1000 in the Hall action.

At some point before December 2022, Brown filed an action in Kern County Superior Court against Hall "an individual, in his official capacity as a Board Member" of Local 1000, and 41 (or 43) other "individual[s], in [their] official capacity as [] Board Member[s]" (Brown action). Brown also identified Local 1000 as a real party in interest. In February 2023, the Sacramento Superior Court transferred the Brown action to the Sacramento Superior Court and consolidated it with the Hall action.

Proceedings in the Appeal, and Trial Court Rulings at Issue

On September 18, 2023, Brown filed the first notice of appeal at issue in this matter, which gave rise to case No. C099488. On the form noticing the appeal, Brown identified the August 23, 2023, "Judgment after jury trial" as the judgment or order from which he was appealing. However, no judgment after jury trial is attached to the notice. Indeed, it does not appear there has ever been a jury trial in this matter. Instead, attached to the notice of appeal is an August 23, 2023, minute order denying Brown's ex parte application for a temporary restraining order and order to show cause regarding preliminary injunction in the Brown action.

Brown also filed notices of appeal on November 3, November 7, and November 15, 2023, in case No. C099488. On March 5, 2024, this court issued an order dismissing appeals under those notices on the grounds that orders underlying the notices were not appealable.

On December 14, 2023, Brown filed a fifth notice of appeal in case No. C099488. The notice of appeal identifies a December 14, 2023, "Judgment after court trial" as the judgment or order from which Brown appeals. Based on the record it appears that on December 14, 2023, (1) the trial court had a hearing at which the trial court granted Local 1000 and individual defendants' demurrer to each cause of action alleged in the first amended complaint in the Brown action without leave to amend; and (2) granting Local 1000 and individual defendants' motion to strike the first amended complaint in the Brown action under Code of Civil Procedure section 425.16. On March 5, 2024, this court issued an order dismissing the appeal regarding the order sustaining the demurrer but allowing the appeal to proceed on the motion to strike.

On March 18, 2024, Brown filed a sixth notice of appeal in case No. C099488. The notice of appeal identifies a March 18, 2024, "Judgment after an order granting a summary judgment motion" and/or "Judgment of dismissal after an order sustaining a

3

demurrer" as the judgment or order from which Brown appeals. Brown attached to the notice of appeal the trial court's minute order dated March 18, 2024. In the minute order, the trial court denied Brown's ex parte application for a temporary restraining order and an order to show cause regarding a preliminary injunction.

On May 23, 2024, Brown filed a notice of appeal which led to case No. C101465. Brown identified the judgments appealed from as the May 23, 2024, "Judgment after an order granting a summary judgment motion" and "Judgment of dismissal after an order sustaining a demurrer." He attached to the notice the trial court's May 23, 2024, tentative ruling granting attorney fees under Code of Civil Procedure section 425.16, subdivision (c) to Local 1000 and individual defendants in the Brown action. The request for attorney fees was made by the Local 1000 defendants after they won the motion to dismiss on December 14, 2023.

On October 30, 2024, Brown filed a notice of appeal which led to case No. C102417. On the notice form, Brown identified the order or judgment from which he was appealing as an October 30, 2024, order or judgment under Code of Civil Procedure section 904.1, subdivision (a). Attached to the notice of appeal was a tentative ruling for the October 30, 2024, hearing on a motion to stay enforcement of judgment pending appeal of the August 1, 2024, judgment that awarded Local 1000 and individual defendants in the Brown action attorney fees under Code of Civil Procedure, section 425.16. The tentative ruling denied the request for a stay. Following a hearing on the motion for a stay, the trial court issued a minute order that denied the motion.

On December 3, 2024, Brown filed a second notice of appeal in case No. C102417. The notice identified a December 3, 2024, "order after judgment under Code of Civil Procedure, § 904.1(a)(2)," as the subject of the notice. The attached ruling is a tentative ruling that denied Brown's request to stay an abstract of judgment for the judgment issued on August 20, 2024, for the August 1, 2024, judgment that had awarded Local 1000 and individual defendants in the Brown action attorney fees.

4

On December 4, 2024, Brown filed a third notice of appeal in case No. C102417. The notice identified a December 4, 2024, "order after judgment under Code of Civil Procedure, § 904.1(a)(2)," as the subject of the notice. The attached ruling is a tentative ruling granting in part Hall's unopposed motion to strike the cross-complaint Brown filed in the Hall action under Code of Civil Procedure, section 425.16. The ruling also denied the motion to strike in part. Following the hearing on the motion, the trial court affirmed its tentative ruling.

On December 4, 2024, Brown filed a fourth notice of appeal in case No. C102417. The notice identified a December 4, 2024, "order after judgment under Code of Civil Procedure, § 904.1(a)(2)," as the subject of the notice. The attached ruling is a tentative ruling that denied Brown's special motion under Code of Civil Procedure, section 425.16, to strike Local 1000 and individual defendants' motion to have him declared a vexatious litigant.

In August 2024, we granted respondents' request to consolidate cases numbered C099488 and C101465 for purposes of briefing, oral argument and decision only. After Brown filed his opening brief in those two cases, we also consolidated case No. 102417 with the other two cases and granted Brown permission to file a supplemental brief as to that appeal.

On August 7, 2025, respondents filed a combined motion to correct and augment the record on appeal and request for judicial notice. On August 18, 2025, we advised the parties that this court would defer its decision on the motion pending calendaring and assignment of a panel. We grant the request as to Exhibits A through D and deny it as to Exhibits E through H. We note the consideration of the exhibits would have no impact on our decision given the deficiencies discussed below.

DISCUSSION

" '[I]t is a fundamental principle of appellate procedure that a trial court judgment [or order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]' (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) 'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record. [Citations.]' (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) Accordingly, the California Rules of Court expressly require appellate briefs to '[s]tate each point . . . and support each point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619-620.)

In keeping with the presumption of correctness and the attendant burden, the California Rules of Court also require an appellant's opening brief to, "[s]tate the nature of the action, the relief sought in the trial court, and the judgment or order appealed from"; "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable; and," "[p]rovide a summary of the significant facts limited to matters in the record." (Cal. Rules of Court, rule 8.204(a)(2)(A), (B) & (C).)

Once an appellant has identified the nature of the action, the relief sought in the trial court, and the rulings that are the subject of an appeal, they can then tailor their arguments to the standard of review applicable to the rulings they challenge. (See *Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1388 [Arguments in appellate briefs "should be tailored according to the applicable standard of appellate

review"].)  Indeed, "[f]ailure to acknowledge the proper [scope of review is] a concession of lack of merit."  (*James B. v. Superior Court* (1995) 35 Cal.App.4th 1014, 1021.)

In violation of most, if not all, of these appellate concepts, Brown's opening briefs do not adequately identify the rulings at issue and the standard of review applicable to each, let alone specifically tailor their arguments to demonstrate Brown has satisfied his own burdens on appeal.  Additionally, the briefs offer little clarity on the events that gave rise to the underlying lawsuits or even what causes of actions were alleged by the parties.  Instead of giving this court a useful picture of the factual and procedural basis for these appeals, making arguments that identify the challenged rulings, and explaining why he believes those rulings are contrary to the law, Brown insists he was treated unjustly by the other parties and the trial court in general.  He suggests the various motions made in the trial court by respondents were just "distraction by using different California Code, Code of Civil Procedures and prior cases to cover the gross conduct and dishonesty by ALL of the defendants."  He also suggests he should be insulated from the rules of civil procedure, because he "is Pro Per and is not legally educated and trained to convey this gross abuse of authority and dishonest acts by the Defendants has resulted in incorrect decisions regarding the 4 independent and individual appeals."

But " 'self-represented parties are " 'held to the same restrictive procedural rules as an attorney.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)  "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation."  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)' (*Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 345.)"  (*Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323.)

DISPOSITION

The trial court's rulings are affirmed.


\_\_\_\_/s/_____
HULL, Acting P. J.


We concur:


\_\_\_\_/s/_____
RENNER, J.


\_\_\_\_/s/_____
MESIWALA, J.