46 Cal.App.4th 843 (1996)
In re AARON B. et al., Persons Coming Under the Juvenile Court Law.
HUMBOLDT COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent,
v.
JAMES B., Defendant and Appellant.
Docket No. A071634.
Court of Appeals of California, First District, Division Five.
June 19, 1996.
*844 COUNSEL
P. Cecilia Storr for Defendant and Appellant.
Tamara C. Falor, County Counsel, and Nancy B. Woodward, Deputy County Counsel, for Plaintiff and Respondent.
[Opinion certified for partial publication.[1]]
OPINION
HANING, J.
James "Terry" B. appeals a July 26, 1995, order terminating his parental rights to his sons Aaron, born September 23, 1987, and Dustin, born November 24, 1989. (Welf. & Inst. Code,[2] § 366.26.) He contends the court failed to consider the less detrimental alternatives of long-term foster care and guardianship, that there is insufficient evidence that the minors are adoptable, and that the adoption assessment report was inadequate. The mother's parental rights were also terminated, but she does not appeal. We affirm.

BACKGROUND
In October 1993 petitions were filed under section 300, subdivision (b) for failure to protect. In June 1995 this court denied appellant's writ petition *845 seeking review of the trial court's order at the 12-month review hearing terminating reunification services and setting a permanency planning hearing pursuant to section 366.26, after determining the court's findings were supported by substantial evidence. (James B. v. Superior Court (1995) 35 Cal. App.4th 1014, 1016, 1021 [41 Cal. Rptr.2d 762].) The decision expressly barred appellant "from making further challenges to the order terminating reunification services and setting a hearing under section 366.26." (Id. at p. 1021.)
In early March 1995, appellant filed a petition seeking the appointment of his stepdaughter as guardian of the minors. In late March respondent opposed the petition on the grounds that a hearing had been set to develop a permanent plan, that guardianship should not be considered until a determination was made about the adoptability of the children, and that guardianship was one of the options for the permanent plan. Social worker Leslie Cooper's declaration submitted with the opposition stated that when she went to the stepdaughter's home to attempt a home study, the stepdaughter refused to let her in, stating she was not prepared and the house was a mess. Cooper observed four adults and three babies on the porch. All the adults, with the exception of the stepdaughter, appeared to be under the influence, and the babies were dirty.
Appellant failed to appear at the April 1995 hearing on the guardianship petition, but he was represented by counsel. The hearing on the petition was combined with the section 366.26 hearing. Appellant failed to appear at the June 1995 section 366.26 hearing, but was again represented by counsel.
Appellant failed to appear at the July 1995 section 366.26 hearing and his counsel noted she had had no contact with him since the hearing was set. When the court asked if everyone was ready to proceed, appellant's counsel stated, "This is not our contest." Appellant's counsel also noted that appellant had been served with all of the relevant documents, and that she had filed the guardianship petition at his request and he had not been in contact with her despite her request that he contact her before each court hearing.
The social worker's section 366.26 report noted that on May 31, 1995, the children had moved to the home of their paternal uncle as a "fos-adopt" placement. Attached to it was an adoption assessment which concluded the children were adoptable and recommended termination of parental rights and adoption by their uncle and his family. A guardianship home evaluation of appellant's stepdaughter recommended denial of the guardianship petition based upon her demonstrated inability to "follow through."
*846 At the conclusion of the hearing the court denied the guardianship petition, found the children were adoptable and terminated the parental rights of both parents.

DISCUSSION

I
(1) Appellant contends the adoption assessment was inadequate in several respects. He concludes that due to the assessment's inadequacy, the court erred in terminating his parental rights and finding the children adoptable.
Respondent rejoins that appellant waived the issue of the adequacy of the adoption assessment by failing to raise it below. (See In re Crystal J. (1993) 12 Cal. App.4th 407, 411-412 [15 Cal. Rptr.2d 613] [by failing to object to the assessment reports at the section 366.26 hearing, appellant waived the issue of inadequacy of the reports on appeal].)
We recently have been deluged with similar cases in which the appellant raises issues on appeal without having appeared or made a record in the trial court. At the risk of sounding like a broken record, we again cite the general rule: "[A] party is precluded from urging on appeal any point not raised in the trial court. [Citation.] Any other rule would `"`permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not.'" [Citations.]' [Citation.]" (In re Riva M. (1991) 235 Cal. App.3d 403, 411-412 [286 Cal. Rptr. 592].) Appellant failed to make court appearances below, failed to keep in contact with his attorney, failed to object to the challenged reports below, and failed to provide the trial court with evidence supporting his position. Consequently, he cannot raise the issue on appeal.

II[3]
.... .... .... .... .... .... .... .

*847 DISPOSITION
Affirmed.
Peterson, P.J., and King, J., concurred.
NOTES
[1] Pursuant to California Rules of Court, rule 976.1, part II of this opinion is not certified for publication.
[2] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.
[3] See footnote 1, ante, page 843.