Filed 4/25/13  Delk v. Rooney CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ABBEY NICOLE DELK,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>HEATHER VICTOR ROONEY,<br><br>　　Defendant and Appellant. | G046621<br><br>(Super. Ct. No. 30-2011-00495969)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Corey S. Cramin, Judge.  Affirmed.

Heather Victor Rooney, in pro. per., for Defendant and Appellant.

Law Offices of Kersten & Associates, William C. Kersten and Brandon R. Creel for Plaintiff and Respondent.

\*　　　　\*　　　　\*

This is an appeal from a restraining order issued by the court against appellant Heather Rooney in January 2011.  Rooney argues that the court did not have substantial evidence to support issuing the order and that her due process rights were violated because she did not receive a fair trial.  We conclude that Rooney has failed to establish error and therefore affirm.

I

FACTS

On August 1, 2011, respondent Abbey Delk filed a request for orders to stop harassment in Orange County Superior Court.  She sought a protective order against Rooney, her husband's ex-wife.[1]  Delk stated in her application that she had "been continuously harassed for over a year with emails, phone calls, verbal threats, and even been physically harmed by . . . Rooney."  Delk stated she had multiple police reports and had been encouraged by the police to seek a protective order.  Among other incidents, Delk claimed that Rooney had falsely accused her of abusing one of her stepchildren.  Delk also asserted that Rooney had spent three days in jail for contempt of court because of the harassment.  Delk's documentation alleged damage to her car, a physical altercation resulting in bruises to Delk, e-mails, Delk's log of calls to the police, and the warning letter her attorney had sent to Rooney.

The court denied Delk's request for a temporary restraining order and set a date for an order to show cause.  Rooney's response to Delk's request denied the harassment and provided a four-page narrative response to Delk's assertions.  She also provided three letters from witnesses she claimed were relevant.

On August 17, the matter came on for hearing.  The parties reached a stipulation to resolve the matter.  The stipulation provided that both parties agreed to stay

---

[1] Delk lived with her husband, Tim Rooney, and his two children by Heather Rooney, ages eight and 13 at the time of the hearing.  The children lived with each parent 50 percent of the time.

100 feet away and have no contact. If they ran into each other, they were not to engage. Rooney was to call only her ex-husband's home or the home line between specified hours except in an emergency, and not Delk's cell phone. Rooney agreed to pick up any of her children's friends that lived in Delk's neighborhood (the Reserve) at the gate, and drop the children off for pick up outside the gate. The court ordered the stipulation be entered as the court's order, and set a status conference for January 11, 2012.

On that date, the parties appeared in court. Rooney felt everything was fine, but Delk disagreed. After a further attempt at mediation, the court swore in the parties and Daniel Corwin, a deputy sheriff. The parties testified. With respect to violating the stipulated order, Delk stated Rooney had entered her neighborhood and there was a security video reflecting this. Rooney testified that Delk's neighborhood was split into a "North Reserve" and "South Reserve" and that she had gone to a party on the opposite side of where Delk and her husband lived, and through a different gate. The court pointed out that the stipulation merely said Rooney was to stay out of the Reserve. Delk also testified that Rooney had called her cell phone twice, in violation of the stipulation. Rooney claimed that one of the calls was an emergency, but as to the other, she wanted to leave a message for the kids. On another occasion, Delk stated that Rooney harassed her during a call to the home line. Delk testified that during a children's sports event, Rooney moved her chair and sat by her, in violation of the stipulated order. Delk also reported a number of other incidents of harassment and intimidation at sports and school events. Rooney denied all of Delk's claims.

After listening to Rooney, the court granted Delk's request, issuing an order directing Rooney to stay 25 yards away, have no communication, and stay out of the Reserve neighborhood completely. The restraining order was for three years. Rooney now appeals.

II

DISCUSSION

A. *Propriety of the restraining order*

We review a grant or denial of injunctive relief for abuse of discretion.[2] (*Salazar v. Eastin* (1995) 9 Cal.4th 836, 849-850.) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court. [Citations.]" (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479.) Thus, a trial court's discretion must "'be exercised in conformity with the spirit of the [applicable] law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' [Citations.]" (*In re Robert L.* (1993) 21 Cal.App.4th 1057, 1066, superseded on other grounds by statute, as stated in *Cesar V. v. Superior Court* (2001) 91 Cal.App.4th 1023, 1032.) "The burden of affirmatively demonstrating error is on the appellant. This is a general principle of appellate practice as well as an ingredient of the constitutional doctrine of reversible error. [Citation.]" (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.)

This standard applies on appeal even where the trial court was required to make its findings under the clear and convincing evidence standard. "Where the trial court has determined that a party has met the 'clear and convincing' burden, that heavy evidentiary standard then disappears. 'On appeal, the usual rule of conflicting evidence is applied, giving full effect to the respondent's evidence, however slight, and disregarding appellant's evidence, however strong.' [Citation.]" (*Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1111, fn.2.)

---

[2] Rooney claims the appropriate standard of review is substantial evidence, but she is mistaken. The case she cites to is *Shelia S. v Superior Court* (2000) 84 Cal.App.4th 872. That was not a case involving injunctive relief — it was a dependency matter seeking extraordinary relief from the trial court's decision to set a permanency planning hearing (Welf. & Inst. Code, § 366.26.) It is inapplicable here.

4

The relevant statute is our guide to the court's exercise of discretion. Code of Civil Procedure[3] section 527.6, subdivision (a)(1) states that "A person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an injunction prohibiting harassment as provided in this section." Subdivision (b)(3) defines harassment as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress[4] to the petitioner." The court, upon a finding of clear and convincing evidence that unlawful harassment exists, may issue an order "enjoining a party from harassing, intimidating, molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, abusing, telephoning, including, but not limited to, making annoying telephone calls . . . destroying personal property, contacting, either directly or indirectly, by mail or otherwise, or coming within a specified distance of, or disturbing the peace of, the petitioner." (§ 527.6, subds. (b)(6)(A), (i).)

Rooney summarizes the evidence in a manner intended to put her arguments in the best light while minimizing Delk's. She complains of "hearsay," although there were no objections in the record. (See section B, *post*.) Rooney concludes that "Respondent did not present clear and convincing evidence to the trial court that

_____

[3] Subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

[4] Rooney argues that "substantial emotional distress" is analogous to the "severe emotional distress" required in a case for intentional infliction of emotional distress. This argument, offered without authority, is rejected. "Substantial" and "severe" have different meanings, and had the Legislature meant "severe" it would have certainly said so.

unlawful harassment exists and the trial court clearly disregarded the uncontradicted evidence presented by Appellant in her defense."

We disagree. The evidence Delk presented, particularly her detailed, documented instances between the date of the stipulated order and the final hearing, were more than sufficient evidence to warrant the issuance of a restraining order under the applicable legal standard. The record does not reflect the trial court "clearly disregarded the uncontradicted evidence." What it does reflect is an obvious determination that Delk's evidence was more credible, and the court ruled accordingly. Rooney has not established an abuse of discretion.

## B. Fair trial

Rooney next argues that the trial court "was prejudiced by information provided to [it] by Appellant. [The court] also took into consideration testimony from a witness who was not sworn in and was [Respondent's] husband. He refused to look at any of [appellant's] evidence, which clearly shows the facts and truth that [Respondent's] statements are made under perjury." Rooney then argues that several pieces of evidence should not have been considered under Evidence Code section 352.

We address the last argument first. Rooney does not cite to any objections to the admissibility of evidence in the record, nor does she demonstrate that the complained-of evidence was even admitted into evidence (the reporter's transcript shows a number of items as marked prior to hearing, but none were received). She has not preserved these objections for appeal. "'[A] party is precluded from urging on appeal any point not raised in the trial court.' [Citation.]" *In re Aaron B.* (1996) 46 Cal.App.4th 843, 846.)

Further, even if she had preserved the issue, she offers no authority or analysis. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v.*

*County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  Propria persona litigants are not exempt from such basic rules of appellate practice.  (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522-523.)

With regard to the rest, Rooney has not demonstrated by an adequate record that the court considered inappropriate testimony or refused to consider her evidence. The court's ruling simply demonstrates that it considered Delk's evidence more credible and persuasive, and accordingly ruled in Delk's favor.  Rooney has not shown that she was denied a fair trial or due process.

III

DISPOSITION

The order is affirmed.  Delk is entitled to her costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.

7