Filed 6/4/15  Ni v. McKee CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WAYNE W. NI,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PETER J. MCKEE,<br><br>    Defendant and Appellant. | 2d Civil No. B256188<br>(Super. Ct. No. 1415328)<br>(Santa Barbara County) |

This is an appeal from an order enforcing a settlement agreement on motion made pursuant to Code of Civil Procedure section 664.6 (section 664.6).  We affirm.

FACTS

Peter J. McKee and Shaun McKee, father and son, are officers and shareholders in McKee Communications, Inc.  Wayne W. Ni was an employee and shareholder in the corporation.  Peter, his wife and stepdaughter are also neighbors of Ni and his family.

In January 2013, Ni filed a complaint against Peter and Shaun McKee and the corporation.  The complaint alleged, among other matters, that the McKees terminated Ni's employment because he refused to cooperate in financial irregularities involving the corporation.  The complaint also alleged that Peter McKee was harassing Ni and his family.

The trial court sustained demurrers to Ni's complaint with leave to amend. Prior to the filing of Ni's second amended complaint, the parties entered into a settlement agreement.

The agreement provided that the McKees would purchase Ni's stock in the corporation for $350,000. The agreement also required Peter McKee to list his primary residence on Lomita Lane in Carpinteria for sale.

Essential to this appeal, the agreement provides in part: "Irrespective of whether the property has been sold, Peter McKee and family shall vacate the Lomita house on or before March 23, 2014. Upon vacating the Lomita house, Peter McKee shall relocate to a residence no closer than 2 miles from the Lomita house, if on the mountainside of the 101 freeway, and thereafter he shall never reside within 2 miles of the Lomita house on the mountainside of the 101 freeway." Finally, the agreement provided, "This agreement is intended to be fully enforceable under Code of Civil Procedure section 664.6."

The agreement was signed by Ni, Peter McKee and Shaun McKee on September 23, 2013.

On October 3, 2013, the parties filed a separate stipulation that the trial court would retain jurisdiction to enforce the agreement. The stipulation was based on the portion of the settlement agreement that provided the court shall maintain jurisdiction. The stipulation was signed only by the parties' attorneys. The trial court signed an order attached to the stipulation stating that the court retains jurisdiction. Thereafter Ni dismissed this case.

Peter McKee purchased Ni's stock. Peter also listed his house for sale, but it did not sell during the listing period. He refused to move from his house on March 23, 2014, as required by the settlement agreement, and continues to refuse to move.

Ni brought a motion pursuant to section 664.6 to enforce the agreement. The motion requested an order requiring "McKee to fulfill his settlement promise to vacate his Carpinteria residence . . . ."

The McKees opposed the motion on the grounds that the agreement cannot be enforced against persons who are not parties to it, and that enforcement is against the public policy of preserving marriage. Susan McKee declared in support of the opposition that she is the wife of Peter McKee; she has an interest in their residence, as reflected in an attached deed; she originally signed the listing agreement; she decided not to renew the listing because the stress of deciding where to go, coupled with her advanced age was destroying their marriage; she has a disabled daughter who suffers from Lupus; her daughter lives with her and her husband in the residence and depends on their assistance; and to move her from the home would cause her great harm.

The trial court ordered Peter McKee to vacate his home within 30 days.

DISCUSSION

I.

McKee contends the trial court was without jurisdiction to entertain a motion to enforce the judgment pursuant to section 664.6.

Section 664.6 provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

McKee cites *Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 433, for the proposition that requests for retention of jurisdiction "must be made orally before the court or in a signed writing, and it must be made by the parties, not by their attorney, spouses or other such agents."

McKee relies on the stipulation made after the settlement agreement. That stipulation was signed only by the parties' attorneys, not by the parties. But the settlement agreement itself contains a stipulation that the agreement is fully enforceable under section 664.6. This is sufficient for the court to retain jurisdiction. That agreement was signed by the parties. Nothing in section 664.6 or *Wackeen* requires the parties to

3

personally sign the stipulation more than once.  That the parties personally signed the settlement agreement containing the stipulation pursuant to section 664.6 is sufficient for the court to retain jurisdiction.

II.

McKee contends a provision requiring a party to obtain the act or consent of a third party cannot be enforced.  (Citing, Civ. Code, § 3390 ["The following obligations cannot be specifically enforced: . . .  4. An agreement to procure the act or consent of the wife of the contracting party, or of any other third person].)

McKee points out that the settlement agreement requires "Peter McKee and family" to vacate the residence.

It is true McKee's wife and stepdaughter are family members who reside in the residence.  They are not parties to the settlement agreement.  But the trial court's order requires only McKee to vacate the residence.  The order does not require McKee to obtain the act or consent of his wife, stepdaughter or any other person.

III.

McKee contends that the court must balance the equities.

McKee fails to cite to that place in the record where he requested the trial court to balance the equities and the court refused.  We do not consider points raised for the first time on appeal.  (*In re Aaron B.* (1996) 46 Cal.App.4th 843, 846.)

In any event, McKee cites no case applying the doctrine of balancing the equities.  Here at the time the agreement was signed both parties had the opportunity to judge the relative benefits and burdens of the agreement.  Both parties were represented by counsel.  Ni dismissed his lawsuit in exchange for McKee's promise to leave his residence.  Now that McKee has obtained the benefit of that bargain, he wants to avoid its burden.  He should not be allowed to do so.  The balance of the equities favor Ni.

Instead of citing cases involving balancing the equities, McKee cites cases that stand for a different proposition.  The proposition is the familiar rule that equitable remedies are unavailable where there is an adequate remedy at law, such as damages.  (Citing, *DVD Copy Control Assn., Inc. v. Kaleidescape, Inc.*(2009) 176 Cal.App.4th 697,

4

725-726.) McKee claims that money damages are adequate. But he cites no measure of damages that could adequately compensate Ni for having to live near a neighbor who makes Ni feel harassed and emotionally distressed.

McKee points out Ni did not prove he was harassed. But the need for such proof was obviated by the settlement agreement. Ni is enforcing an agreement, not suing McKee for harassment. There is no need for Ni to try the very case he settled in order to obtain the benefit of the settlement agreement.

IV.

McKee contends the order enforcing the settlement agreement is unjust, unreasonable and against public policy.

McKee cites *Hill v. Hill* (1943) 23 Cal.2d 8, 93, for the proposition that public policy seeks to foster and protect marriage, to encourage parties to live together and to prevent separation. He argues the trial court's order will have the effect of causing him to separate from his wife. He relies on his wife's declaration that she refuses to move.

But, as the trial court pointed out, the court's order does not require the Mckees to separate. If the parties separate, it will not be because of the order, but because McKee's wife so chooses. She can stay in the residence or go with him as she pleases.

McKee does not cite a single case in which a court has refused to enforce a contract because enforcement may have the collateral effect of damaging a party's marriage. In fact, the enforcement of every contract in which at least one of the parties is married has that potential. The law of contracts could not survive if all a promissor need to avoid enforcement is to claim enforcement would damage his marriage.

McKee argues there is no case in which a court has ordered a party to leave his residence. The argument ignores a vast number of unlawful detainer cases in which the court orders a party to do just that. A tenant cannot avoid enforcement of a lease provision on the ground that eviction will damage his marriage.

5

McKee claims that enforcement of the agreement will harm his wife's daughter. Susan McKee declared that her daughter suffers from Lupus and requires assistance in her daily life. The declaration does not state why she cannot be assisted in a different residence. In any event, McKee cites no authority that would justify his breach of the agreement, even though he alleges the possibility of harm to his stepdaughter.

McKee cites *Casady v. Modern Metal Spinning and Manufacturing Company* (1961) 188 Cal.App.2d 728, 731-732, for the proposition that specific performance will be denied where the result would be unjust to an innocent third person. But the court was referring to an agreement that requires a party to violate a contract with a third party. The agreement here contains no such requirement.

V.

McKee contends the settlement agreement is too ambiguous to be specifically enforced and the trial court cannot rewrite the agreement.

In order to be specifically enforceable, an agreement must be sufficiently certain that the precise act to be done is clearly ascertainable. (Civ. Code, § 3390, subd. 5.)

McKee points out that the agreement requires "Peter McKee and family" to move out of Ni's neighborhood. But there is nothing ambiguous about it. That the trial court lacks jurisdiction to enforce the agreement against family members who are not parties does not make the agreement ambiguous. Lacking jurisdiction over other family members, the court enforced the agreement against McKee. Nothing could be clearer than that the agreement requires McKee to move. The court did not rewrite the agreement.

McKee also claims that the provision requiring him to sell his home is ambiguous. But the trial court did not order the home to be sold. McKee has no standing to complain of an order the trial court did not make.

6

The judgment is affirmed.  Costs are awarded to respondent.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.

7

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara
_____

Steponovich & Associates, Michael J. Steponovich, Jr., for Defendant and Appellant.

Hollister & Brace, Michael P. Denver for Plaintiff and Respondent.