Filed 9/14/20  P. v. Castellanos CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B300904 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA150408) |
| v. | |
| ANDREW CASTELLANOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Affirmed.

Heather J. Lee Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

## I.    INTRODUCTION

After a jury trial, defendant and appellant Andrew Castellanos was convicted of one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).[1]  He contends the trial court committed prejudicial error when it failed to instruct jurors on the lesser included offense of simple assault.  Specifically, he argues there was substantial evidence that he did not use a "deadly weapon," a knife, in a manner likely to cause great bodily injury or death.  We conclude there was insufficient evidence of simple assault to warrant the jury instruction, and accordingly affirm the judgment.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Prosecution Evidence

On the morning of April 6, 2019, Valentin Guillen was working at a warehouse in the city of South Gate.  Around 4:30 a.m., Guillen was returning from the restroom when he encountered defendant exiting the warehouse.  Guillen did not recognize defendant, so he went outside and approached defendant to ask, " 'Can I help you?' "  Guillen was calm and unarmed when he approached defendant, who stood four or five feet away.  Defendant responded by asking, " 'What do you have up there?' " and pointed to the second floor of the warehouse.  Guillen answered that he did not know, and defendant repeated his question.  Guillen again answered he did not know, and defendant grew agitated and reached for Guillen's shoulder with his hand.  As Guillen moved backwards, defendant pulled out an open pocketknife and a bandanna with his other hand.  Defendant then lunged toward Guillen with the knife in his hand

---

[1]    Further undesignated statutory references are to the Penal Code.

and made a jabbing motion towards Guillen's chest. Guillen caved in his chest, hunched his shoulders, and backed away to protect himself. Although Guillen "felt something," he was not sure it was the knife, and he had no visible marks or bleeding. After defendant left the scene, Guillen reported the incident to his supervisor. He subsequently spoke to police officers who arrived to interview him.

Video surveillance played for the jury showed defendant holding a shiny object and making a stabbing motion at Guillen, who held his chest with his hand and walked backwards to the warehouse.

Police officer Arturo Macias responded to a call from the warehouse at 5:10 a.m. Macias located defendant sitting across the street and directed him to raise his hands. As defendant complied, a folding knife fell to the ground. Macias found a blue bandanna on defendant during a subsequent search.

## B. Defense Evidence

Defendant testified that on the morning of April 6, he was standing on a street corner across from the warehouse when Guillen approached him to ask him what he needed. Defendant said he did not need anything, and Guillen responded by telling him to "get the fuck out of here." Defendant got angry and yelled at Guillen. Then, Guillen approached defendant, so defendant "approached him back." As Guillen walked backwards, defendant pointed and told Guillen to " 'just go back to work.' " Defendant then walked away and went across the street. Defendant denied using a knife during the incident. When police officers arrived to question him, defendant admitted he had been involved in an altercation, but he stated it was "finished" and "nothing had happened."

3

On cross-examination, defendant explained that as he pointed at Guillen with one hand, he raised his other hand because his bandanna was bothering him. He again denied having a knife during the encounter. Instead, he explained, the shiny object apparent in the video was his watch, which was too big and slipped off his wrist to his knuckles. Defendant said he thought Guillen might swing at him, so he took a defensive stance and was ready to back away, although the video showed him moving toward Guillen. Defendant did not know if a knife was recovered at the scene.

## C. Rebuttal

Officer Macias testified that defendant was not wearing a watch when he was arrested.

## D. Verdict and Sentencing

The jury found defendant guilty of assault with a deadly weapon. He was sentenced to the midterm of three years in prison.

Defendant timely appealed from the judgment.

## III. DISCUSSION

Defendant's sole contention on appeal is that the trial court prejudicially erred by failing to instruct the jury on simple assault, a lesser included offense of assault with a deadly weapon. As we discuss, the contention lacks merit.

## A. The Trial Court Properly Declined to Instruct the Jury on Simple Assault.

### 1. Additional Facts.

During trial, defense counsel requested jury instructions on simple assault, a lesser included offense of the charged offense of assault with a deadly weapon, arguing there was substantial evidence from which the jury could find defendant committed

4

only simple assault.  The court concluded the evidence did not support a simple assault instruction, noting that if the jury believed Guillen, the crime was assault with a deadly weapon, and if the jury believed defendant, there was no assault.  The court stated that the "only assaultive behavior was the thrust against [Guillen's] chest," and Guillen was "clear there was a knife."  Thus, the court denied the request.

## 2. *Applicable Law and Standard of Review.*

A criminal defendant has a constitutional right to have the jury determine every material issue presented by the evidence. (*People v. Huggins* (2006) 38 Cal.4th 175, 215 (*Huggins*).)  To protect this right, "a trial court must instruct on an uncharged offense that is less serious than, and included in, a charged greater offense . . . whenever there is substantial evidence raising a question as to whether all of the elements of the charged greater offense are present."  (*Ibid*.)  This rule does not require, however, that the trial court instruct on *all* possible lesser included offenses—rather, our Supreme Court has said, such instructions are required only when the evidence that the defendant is guilty only of the lesser offense is " '*substantial enough to merit consideration*' " by the jury.  (*Ibid*., italics added; see also *People v. Breverman* (1998) 19 Cal.4th 142, 154 (*Breverman*) [trial court should not instruct on a lesser included offense "when there is no evidence that the offense was less than that charged"].)

Thus, a trial court should instruct the jury on a lesser included offense where there is evidence from which a jury reasonably could conclude " ' "that the lesser offense, but not the greater, was committed." ' "  (*Huggins*, *supra*, 38 Cal. 4th at p. 215; accord, *People v. Cole* (2004) 33 Cal.4th 1158, 1218.)  As a

logical corollary, instructions are not required where evidence supporting them is " 'minimal or insubstantial.' " (*People v. Rodriguez* (1997) 53 Cal.App.4th 1250, 1269; see *Breverman*, *supra*, 19 Cal.4th at p. 162.) A trial court " 'may properly refuse to instruct upon simple assault where the evidence is such as to make it clear that if the defendant is guilty at all, he is guilty of the higher offense.' " (*People v. Yeats* (1977) 66 Cal.App.3d 874, 879.)

"On appeal, we independently review whether a trial court erroneously failed to instruct on a lesser included offense." (*People v. Trujeque* (2015) 61 Cal.4th 227, 271; *People v. Avila* (2009) 46 Cal.4th 680, 705.) In reviewing a claim that the trial court prejudicially erred in failing to give a jury instruction, we do not weigh the relevant evidence; we simply determine whether the evidence was legally sufficient to support giving the instruction. (*Breverman*, *supra*, 19 Cal.4th at p. 177.)

***3.	There Was No Substantial Evidence that Defendant Committed the Lesser Offense of Simple Assault, but not the Greater Offense of Assault with a Deadly Weapon.***

Simple assault is "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) To establish simple assault, the prosecution must prove " 'an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another.' (*People v. Williams* (2001) 26 Cal.4th 779, 790.)" (*People v. Brown* (2016) 245 Cal.App.4th 140, 152 (*Brown*).)

6

Simple assault is a lesser included offense of assault "with a deadly weapon." (§ 245, subd. (a)(1); *People v. McDaniel* (2008) 159 Cal.App.4th 736, 747–748.) As used in section 245, subdivision (a)(1), " 'a "deadly weapon" is "any object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to produce, death or great bodily injury." ' " (*In re B.M.* (2018) 6 Cal.5th 528, 532–533, quoting *People v. Aguilar* (1997) 16 Cal.4th 1023, 1028–1029.)

Our Supreme Court has held that some objects, such as dirks and blackjacks, are "deadly weapons" as a matter of law. (*In re B.M.*, *supra*, 6 Cal.5th at p. 533.) Other objects, including knives, are deadly weapons if they are "used in a manner that is not only 'capable of producing' but also ' "*likely to produce* death or great bodily injury." ' " (*Id.* at. p. 533.)

Courts have regularly concluded that the application or attempted application of "a sharp object" to "a vulnerable part of the body" establishes the use of a deadly weapon. For example, in *People v. Koback* (2019) 36 Cal.App.5th 912, 924–926, the court held that although a car key is not an inherently deadly weapon, its use supported a conviction of assault with a deadly weapon where the defendant "charged," or "came at" the victim, and, "with force," "swung," "swiped," or "punch[ed]" the key at the victim's torso, a "vulnerable part of the body." Similarly, in *People v. Page* (2004) 123 Cal.App.4th 1466, 1472, the court held that a pencil held to the victim's neck was a deadly weapon within the meaning of section 245. And, in *In re D.T.* (2015) 237 Cal.App.4th 693, 696–697, 699–701, the court held that a pocketknife was a deadly weapon when it was used to poke the victim in her back because it "could have caused serious injury to the helpless victim." (See also *People v. Nguyen* (2017)

7

12 Cal.App.5th 44, 46, 48–49 (*Nguyen*) [substantial evidence supported defendant's conviction of aggravated assault where defendant, wielding a large knife, took a step toward police officers standing 10 to 15 feet away]; but see *In re B.M.*, *supra*, 6 Cal.5th at pp. 535–536 [butter knife was not a deadly weapon where it was not pointed at victim's head, face, neck, or exposed body part].)

In the present case, there was no substantial evidence from which a reasonable jury could conclude that defendant committed the lesser offense of simple assault, but not the greater offense of assault with a deadly weapon. As we have described, the prosecution and defense presented conflicting versions of the encounter between defendant and Guillen. Defendant denied possessing a knife or attempting to assault Guillen; he testified that after approaching Guillen, he merely pointed at Guillen and told Guillen to go back to work. Guillen, on the other hand, testified that defendant lunged at him and attempted to stab him in the chest with a knife, and Officer Macias testified to recovering a folding knife from defendant prior to arresting him. Thus, the jury essentially was presented with two choices: It could have credited defendant's version of events, in which case it would have acquitted defendant, or it could have credited Guillen's version of events, in which case it would have convicted defendant of assault with a deadly weapon. Nothing in the record supports the "in between" scenario of a simple assault, in which defendant attempted to injure Guillen while passively armed with a non-threatening knife. The trial court thus properly refused to instruct the jury on simple assault.

Defendant contends that even if the jury found that he took out a folding knife during the encounter with Guillen, it could

have concluded that he "did not use that knife in a way which was likely to cause Guillen bodily injury or death." For example, defendant suggests, the jury could have found that defendant "took [the knife] out to get a confrontive Guillen to leave [defendant] alone," but did not "use[]" the knife to assault Guillen. We do not agree. Had defendant testified that he used the knife as he now suggests—that is, that he brandished the knife, but did not thrust it at Guillen—an instruction on simple assault would have been warranted. However, because defendant's defense consisted entirely of *denying* attacking Guillen, the trial court was correct in refusing the instruction. (See *People v. Groce* (1971) 18 Cal.App.3d 292, 295 ["[Because appellant's] defense consisted entirely of a denial of any kind of attack on [the victim] and since the gist of the prosecution testimony was the employment of a knife during the attack, the court was correct in refusing the [simple assault] instruction."].)

Defendant also contends that the jury could have found him guilty of a simple assault, rather than assault with a deadly weapon, because there was no evidence that "a knife held by [defendant] actually touched Guillen." In fact, no such contact is necessary to establish the use of a deadly weapon; as we have said, a knife, though not deadly as a matter of law, may be a "deadly weapon" if used in a manner both capable of and likely to produce great bodily injury or death. (*In re B.M.*, *supra*, 6 Cal.5th at pp. 532–533.) Thus, courts routinely have affirmed convictions of assault with a deadly weapon even where, as here, the weapon never made contact with the victim's body. (E.g., *People v. Koback*, *supra*, 36 Cal.App.5th at pp. 923–926 [defendant " 'swiped' " at victim's torso with a car key, but "did not actually strike" him]; *Nguyen*, *supra*, 12 Cal.App.5th at

9

pp. 46, 48–49 [defendant wielded large knife and took step toward police officers standing 10 to 15 feet away].)

Finally, relying on *People v. Brown*, *supra*, 245 Cal.App.4th 140, defendant contends there was substantial evidence to support a simple assault verdict because the jury could have credited some, but not all, of the testimony of each of the witnesses. In *Brown*, the appellate court conditionally reversed Brown's conviction for resisting an officer because the trial court failed to instruct on the lesser included offense of assault. (*Id.* at pp. 154–156.) The *Brown* court concluded that an all-or-nothing jury instruction was improper because the "[t]ruth may lie . . . at a point between [the] two extremes" proposed by the parties: (1) that Brown forcibly resisted police officers, who acted with reasonable force, or (2) that the officers used excessive force against Brown, who was unaggressive. (*Id.* at pp. 153–154.) The court explained that, based on the evidence, "the jury could also have concluded that Brown used excessive force or violence to resist arrest only in response to the officers' unreasonable force." (*Id.* at p. 154.) Thus, a jury could find that Brown was guilty of the "intermediate" offense of assault, but not the greater offense of resisting an officer. (*Ibid.*)

*Brown* is distinguishable from the present case. In *Brown*, there was evidence that both Brown and police officers had used excessive force, and thus the jury could have convicted the defendant of the "intermediate" offense of assault. (*People v. Brown*, *supra*, 245 Cal.App.4th at pp. 146–147, 154.) In contrast, as we have discussed, there was no evidence in the present case to support a conviction on the "intermediate" offense of assault because there simply was no evidence that defendant attacked Guillen in any way other than thrusting a knife towards Guillen's

10

chest.  Stated differently, based on the evidence presented, the jury could have found *either* that defendant attempted to stab Guillen in the chest with a deadly weapon, *or* that he did not assault Guillen at all—but it could not reasonably have concluded that defendant assaulted in some manner that did not involve a knife or that involved a knife used in a non-aggressive manner. Accordingly, the trial court did not err in refusing to instruct the jury on simple assault.**²**

## B.    Any Instructional Error Was Harmless.

Even assuming arguendo the trial court erred by not instructing on simple assault, we nevertheless conclude it is not reasonably probable defendant would have been convicted of the lesser offense rather than assault with a deadly weapon.

"Any error in instructions on a lesser included offense in a noncapital case is subject to the [*People v. Watson* (1956) 46 Cal.2d 818, 836] standard of review requiring reversal only if it is reasonably probable that a result more favorable to the

---

**²**     For the first time, defendant asserts in his reply brief that his "testimony . . . provided evidence that he may have acted in imperfect self-defense, thereby reducing his culpability from assault with a deadly weapon, to simple assault."  However, defendant's trial counsel did not ask for an instruction on imperfect self-defense.  By failing to raise this issue in the trial court, failing to present this argument in his opening brief, and failing to provide any supporting legal authority, defendant has waived this issue on appeal.  (*In re Aaron B.* (1996) 46 Cal.App.4th 843, 846 [party is precluded from arguing on appeal any point not raised in trial court]; *People v. Adams* (1990) 216 Cal.App.3d 1431, 1441, fn. 2 [issues raised for first time in reply brief generally will not be considered on appeal]; Cal. Rules of Court, rule 8.204(a)(1)(B) [appellate brief must support each argument if possible by citation to authority].)

11

defendant would have been reached in the absence of such error." (*People v. Stewart* (2000) 77 Cal.App.4th 785, 796; *People v. Beltran* (2013) 56 Cal.4th 935, 955 (*Beltran*); *Breverman, supra*, 19 Cal.4th at pp. 177–178.)  The test " 'focuses not on what a reasonable jury *could* do, but what such a jury is *likely* to have done in the absence of the error under consideration.  In making that evaluation, an appellate court may consider, among other things, whether the evidence supporting the existing judgment is so *relatively* strong, and the evidence supporting a different outcome is so *comparatively* weak, that there is no reasonable probability the error of which the defendant complains affected the result.' " (*Beltran*, at p. 956, quoting *Breverman*, at p. 177.)

For the reasons we have discussed, even if the trial court had instructed the jury on simple assault, it was not reasonably probable that the jury would have reached a different verdict. The evidence against defendant was overwhelming.  Guillen testified credibly that defendant attempted to stab him with a knife during a brief encounter on the sidewalk outside Guillen's workplace.  Guillen's testimony was corroborated both by the video recording of the incident and by the testimony of the arresting officer, who said that he recovered a knife prior to arresting defendant.  In contrast, defendant's testimony that he did not advance towards Guillen and that he was holding a watch, not a knife, was inconsistent with the video recording— which showed him advancing towards Guillen—and with the officer's testimony that defendant was not wearing a watch when he was arrested.  Therefore, it is not reasonably probable the verdict would have been more favorable to defendant had a simple assault instruction been given.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

DHANIDINA, J.

13