Filed 12/8/23  T.W. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| T.W.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF KERN COUNTY,<br><br>Respondent;<br><br>KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>Real Party in Interest. | F086989<br><br>(Super. Ct. Nos. JD141693-00, JD141694-00, JD141695-00, JD141696-00)<br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Susan M. Gill, Judge.

Law Office of Steven L. Bynum and Steven L. Bynum for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Poochigian, J. and Smith, J.

T.W. (father)[1] seeks extraordinary writ relief from an October 10, 2023, order terminating reunification services between him and his four children, between the ages of 10 and six years old, and setting a hearing under Welfare and Institutions Code section 366.26[2] to consider termination of parental rights and the permanent placement of the children.

Father seeks reversal of the order based on the argument that the juvenile court should have relieved the children's counsel and appointed separate counsel for the children prior to going forward with the October 10, 2023 hearing. We find no merit to father's argument and, accordingly, we deny the petition for extraordinary writ on the merits. We also deny as moot father's related request for a temporary stay of the section 366.26 hearing set for February 5, 2024.

**DISCUSSION**

*Background*

A section 300 petition was filed against mother and father on December 24, 2020, alleging their four children had suffered, or there was a substantial risk they would suffer, serious physical harm inflicted non-accidentally to them by father and the inability of mother to protect them. Detention hearings were held December 28 and 29, 2020. Following several continuances and a first amended petition, which was filed October 12, 2021, the allegations were found true February 28, 2023, the children were adjudged dependents, and reunification services were denied mother and father.

At the six-month review hearing October 10, 2023, both mother and father objected to the setting of the section 366.26 hearing but did not provide any further evidence or authority. The deputy public defender, Robin Walters, who represented all

---

[1] The children's mother J.W. is not a party to this writ proceeding.

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

four children, then stated that she would like to "outline" how she thought "counsel needs to be appointed for the [children]."[3] The juvenile court asked Walters to explain, and she stated that one of the children, Adrian, needed separate counsel due to his age, that Aiden also needed separate counsel, but that Damian and Devin could share counsel. When asked if she felt that she could adequately represent all of them "today," Walters replied, "Absolutely."

The juvenile court found the children's placements continued to be necessary and appropriate; the department had made efforts to maintain the relationships between the children and individuals important to them; the children's placement plan "may no longer be appropriate," and prior to the section 366.26 hearing, the department was to prepare an assessment of the children; and Adrian, the only child over age 12, had the opportunity to be involved in the development of their case plan and plan for permanent placement. The section 366.26 hearing was set for February 5, 2024, in order to "select and implement a permanent plan of adoption, legal guardianship or another planned permanent living arrangement for [the] children."

The juvenile court then relieved Walters and the public defender's office as attorney of record for the children, without objection from Walters. The juvenile court then asked Walters for her recommendations for counsel for the children, as she knew the "children's personalities" better than the juvenile court did. Separate counsel was then appointed for Adrian and for Aidan, and counsel appointed for Damian and Devin together. Discovery was to be provided to all new appointed counsel.

---

[3] The department's report for the section 366.26 hearing stated that the caregiver for the children reported that Aiden does not like Devin and Damien and makes remarks that they are not his brothers. He also had anger issues and yelled at Devin and Damien and blamed them for mother and father's incarceration. Aiden repeated this sentiment to the social worker.

Father now argues, "The [juvenile] court's failure to address the conflict prior to the review hearing creates prejudice in the representation of the [children] as they have diverging viewpoints."

*Applicable Law and Analysis*

Section 317, subdivision (c)(1) provides in part: "If a child or nonminor dependent is not represented by counsel, the court shall appoint counsel for the child or nonminor dependent, unless the court finds that the child or nonminor dependent would not benefit from the appointment of counsel." Nothing in section 317 requires separate counsel for each minor in a sibling group. The sole exception is where the district attorney has been appointed to represent a minor in a dependency case in addition to filing a delinquency petition respecting the same minor. (§ 318.)

In all other situations, appointment of separate counsel for minors in a sibling group is required only when an actual conflict exists. (*In re Celine R.* (2003) 31 Cal.4th 45, 56, citing *Carroll v. Superior Court* (2002) 101 Cal.App.4th 1423, 1428 ["If an appointed attorney is representing multiple minors in a dependency proceeding, and an actual conflict of interest between the minors arises, the attorney is obliged to withdraw from representing the clients [citation] and the court is required to relieve the attorney and appoint new counsel."].)

An actual conflict does not arise just because a different permanency plan is ordered for one or more siblings in a sibling group. "When first appointing counsel in a dependency matter, the court may generally appoint a single attorney to represent all the siblings. It would have to appoint separate attorneys if, but only if, there is an actual conflict among the siblings or if circumstances specific to the case—not just the potential for conflict that inheres in all multi sibling dependency cases—present a reasonable likelihood an actual conflict will arise." (*In re Celine R., supra,* 31 Cal.4th at p. 58.)

This policy is also reflected in the California Rules of Court: "The following circumstances, standing alone, do not necessarily demonstrate an actual conflict of

4.

interest: [¶] (i) The siblings are of different ages; [¶] (ii) The siblings have different parents; [¶] (iii) There is a purely theoretical or abstract conflict of interest among the siblings; [¶] (iv) Some of the siblings are more likely to be adopted than others; [¶] (v) The siblings have different permanent plans; [¶] (vi) The siblings express conflicting desires or objectives, but the issues involved are not material to the case; or [¶] (vii) The siblings give different or contradictory accounts of the events, but the issues involved are not material to the case." (Cal. Rules of Court, rule 5.660(c)(2)(B).)

Thus, "[f]or an actual conflict to arise at the permanency planning stage, there must be a showing that the siblings have different interests that would require their attorney to advocate a course of action for one child which has adverse consequences to the other." (*In re T.C.* (2010) 191 Cal.App.4th 1387, 1391.) "Standing alone, the fact that siblings have different permanent plans does not necessarily demonstrate an actual conflict of interest." (*Ibid.*, citing Cal. Rules of Court, rule 5.660(c)(1)(C)(v); *In re Zamer G.* (2007) 153 Cal.App.4th 1253, 1268.)

Even if we assume father has standing to raise the issue, he has forfeited it by failing to address the issue below. (*In re Aaron B.* (1996) 46 Cal.App.4th 843, 846 [party precluded from urging on appeal any point not raised in the trial court].) In any event, separate counsel was appointed for the children as soon as the potential conflict came to the attention of the juvenile court. Furthermore, father has not established that the failure to disqualify the children's counsel sooner would have resulted in a different outcome at the setting of the section 366.26 hearing. "A court should set aside a judgment due to error in not appointing separate counsel for a child or relieving conflicted counsel only if it finds a reasonable probability the outcome would have been different but for the error." (*In re Celine R., supra,* 31 Cal.4th at p. 60.)

We therefore deny father's challenge to the order setting a section 366.26 hearing.

## DISPOSITION

The petition for an extraordinary writ is denied on the merits.  (§ 366.26, subd. (*l*); Cal. Rules of Court, rule 8.452(h)(1).)  The request for a temporary stay is denied as moot.  Our decision is final as to this court immediately.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)