[No. F002304. Fifth Dist. Dec. 23, 1983.]

In re JOHN F., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOHN F., Defendant and Appellant.

**COUNSEL**

W. Michael LaRoche, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Charles P. Just and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—The 13-year-old appellant was committed to the Kern Youth Facility following a finding by the juvenile court that he was a minor described by Welfare and Institutions Code section 602. The finding was based upon a sustained allegation of rape in concert. (Pen. Code, § 264.1.)

The issues raised on appeal deal with findings by the trial court at the minor's dispositional hearing which led to appellant's removal from his home. It is our determination that the lower court abused its discretion by failing to consider the factors embodied in Welfare and Institutions Code section 725.5 in determining an appropriate dispositional order. We reverse the order and remand for a new dispositional hearing.

The record supports a finding that appellant aided and abetted four other minor males in the rape of a 15-year-old girl. The youths were all somewhat acquainted and on a particular afternoon the victim, Clara W., accompanied

---

\*Before Brown (G. A.), P. J., Zenovich, J., and Gallagher, J.†

†Assigned by the Chairperson of the Judicial Council.

appellant and three other males to the basement of one of their homes. There the group was joined by Wesley B., the brother of one of the juveniles, who sexually assaulted the victim while the others held her down. Wesley's brother prevented Clara from screaming. Following the physical attack by Wesley, the others declined Wesley's offer to follow suit and the group dispersed.

One of the other minors, Kevin F., was allowed to enter an admission to a misdemeanor violation of Penal Code section 272 in exchange for his testimony on behalf of the petitioner. According to Kevin, the other three males, including appellant, had quietly discussed "having sex" on the way to the residence. Once in the basement, all five of the males briefly conferred outside of the victim's presence regarding "who was going to go first."

At appellant's dispositional hearing his counsel asked the court to stay the recommended commitment to the local facility. The court then commented: "Well, the three out of the other four have already been committed to the Kern Youth Facility, and I don't see any reason for treating any of them any differently, let's put it that way. So I'm going to follow the recommendation."

Welfare and Institutions Code section 725.5 (Stats. 1982, ch. 1090, § 1, p. 3970) provides: "In determining the judgment and order to be made in any case in which the minor is found to be a person described in Section 602, the court shall consider, in addition to other relevant and material evidence, (1) the age of the minor, (2) the circumstances and gravity of the offense committed by the minor, and (3) the minor's previous delinquent history."

According to the Legislative Counsel's Digest, the statute was enacted in order to *require* the court to consider those enumerated factors, in addition to other relevant and material evidence. (Stats. 1982, ch. 1090, No. 6 Deering's Adv. Legis. Service, P. 884, No. 9 West's Cal. Legis. Service, p. 5676.)

It appears the 13-year-old appellant was the youngest of the juveniles involved. According to the probation officer, he was small for his age. He was under a physician's care for a serious health problem—a peptic ulcer—which necessitated home tutoring. Appellant had been a disciplinary problem at school in the past. He had no prior history in the juvenile court although he had been handled twice in diversion programs for malicious mischief and possession of less than an ounce of marijuana. The victim

testified at the hearing, and later told the probation officer, that Wesley and his brother had threatened to beat appellant and one of the other juveniles if they did not assist them in the attack.

We do not mean to minimize the seriousness of the offense by pointing out appellant's young age, relatively minor record and ambivalent role in the wrongdoing. However, these are significant facts and should have been considered by the court in reaching an appropriate disposition.

We do not interpret Welfare and Institutions Code section 725.5 to mean the court must specifically discuss each of the enumerated factors at the time of disposition. The Legislature used the term "consider" in the language of that section. The court fulfills this obligation when it carefully examines and takes into account the factors stated. When the Legislature has wanted the courts to make specific findings in juvenile matters it has been explicit in so directing.[1] However, it must be apparent from all of the surrounding circumstances[2] that the court at least considered the appropriate factors. The express language of the court herein negates any possible implied finding that the court seriously considered the appropriate factors. Committing appellant to the local facility for the reason that the others were so committed falls short of giving adequate consideration to the factors enumerated in section 725.5.

We further note that the lower court failed to make an appropriate finding under any of the three subsections of rule 1372(b), California Rules of Court. If, on remand, after considering the factors set out in Welfare and Institutions section 725.5 and other relevant and material evidence the court is still inclined to remove appellant from his mother's custody and control,

---

[1]See e.g., the following sections of the Welfare and Institutions Code: section 606— "When a petition has been filed in a juvenile court, the minor who is the subject of the petition shall not thereafter be subject to criminal prosecution based on the facts giving rise to the petition *unless the juvenile court finds* that the minor is not a fit and proper subject to be dealt with under this chapter . . ."; section 702—"After hearing such evidence, *the court shall make a finding,* noted in the minutes of the court, whether or not the minor is a person described by Sections 300, 601, or 602. . . ."; section 726—"[N]o ward or dependent child shall be taken from the physical custody of a parent or guardian *unless upon the hearing the court finds* one of the following facts: . . ."; and section 734—"No ward of the juvenile court shall be committed to the Youth Authority *unless the judge of the court is fully satisfied* that the mental and physical condition and qualifications of the ward are such as to render it probable that he will be benefited by the reformatory educational discipline or other treatment provided by the Youth Authority." (Italics added.)

[2]Some of the "surrounding circumstances" would be the actual dispositional language of the court, comments of counsel at disposition, and any probation, psychiatric or medical reports read and considered by the court in reaching its disposition. This list is not meant to be all-inclusive.

it must make an appropriate finding pursuant to one of the three subsections of rule 1372(b), California Rules of Court.[3]

The dispositional order appealed from is reversed[4] and the cause is remanded to the juvenile court for a new dispositional hearing at which the court shall take into consideration the principles discussed herein.

---

[3]Rule 1372(b), California Rules of Court states in pertinent part: "No ward shall be taken from the physical custody of a parent or guardian unless the court finds one of the following:

"(1) That the parent or guardian is incapable of providing or has failed or neglected to provide proper maintenance, training, and education for the minor;

"(2) That the minor has been tried on probation in the physical custody of a parent or guardian and has failed to reform; or

"(3) That continued custody by the parent or guardian would be detrimental to the minor and the welfare of the minor requires that custody be taken from the parent or guardian."

[4]Appellant has not appealed from the jurisdictional order.