Filed 10/13/22  In re D.T. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re D.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E077860 |
| Plaintiff and Respondent; | (Super.Ct.No. J286935) |
| v. | OPINION |
| D.T., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan K. Stodghill, Judge.  Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

1

D.T., the minor, along with his friend, A.M., robbed a man in a vacant field, each armed with a firearm. During the robbery, which was observed by an eyewitness whose residence was adjacent to the field, the victim tried to grab D.T.'s weapon, and D.T. fired three shots, two of which struck the victim, killing him. D.T. and his coparticipant, fled and were eventually arrested. At the minor's adjudicatory hearing, A.M. testified for the prosecution with a grant of immunity resulting in a true finding on the wardship petition pursuant to Welfare and Institutions Code section 602, subdivision (a), alleging acts which would be crimes if committed by an adult, including murder (Pen. Code, § 187, subd. (a)), with a gun discharge enhancement (Pen. Code, § 12022.53, subd. (d)), robbery (Pen. Code, § 211), and assault with a firearm (Pen. Code, § 245, subd. (a)(2)). The minor was committed to a Secure Youth Treatment Facility (SYTF) and appeals.

On appeal, the minor asserts the disposition must be reversed because the juvenile court abused its discretion by committing the minor without first obtaining a mental health evaluation. We affirm.

## BACKGROUND

On January 31, 2021, at approximately 10:00 p.m., Deven Talbert was washing his car outside his residence when he saw a man, later identified as Gregory Garcia, carrying cans and bottles in a black trash bag walk past him, heading east towards a vacant field that abutted Talbert's residence property. A short time later, Talbert heard chatter in the field, in which someone with a youthful, prepubescent voice made repeated use of the

2

word "n--ga."[1]  Talbert went to the opening in the fence and looked in the direction of the voices and saw three people, one of whom was the man he had seen entering the field a bit earlier.  It appeared the three people were arguing.

Of the two people confronting Garcia, one was the minor D.T., age 14, who wore an orange hoodie that covered his head, while the other, A.M., wore a sweatshirt with writing on it.  Talbert assumed they were both African-American because of the use of the racial epithet.  Talbert soon realized the two persons were robbing Garcia because the person in the sweatshirt started going through Garcia's pants and backpack while the one in the hoodie stood by, holding a gun.  A.M., who was the person in the sweatshirt, pulled a phone and a key from the victim's pocket; Talbert could tell that it was a phone because the screen lighted up upon removal.  While A.M. held the phone and key up to the victim's face, D.T. pointed a gun at the victim's chest, which he chambered, and told the victim to give him everything he had.

A few seconds passed but there was nothing more to be gotten, so the person in the sweatshirt punched the victim, who stumbled backward, and then stepped forward.  The person in the hoodie kicked the victim in the shin or leg area.  Then the victim walked up to both of them and grabbed at the gun held by D.T.; there was a brief struggle over the firearm, and then D.T. fired three shots, two of which struck the victim, killing him.  The two juveniles stood still for a few seconds, then A.M. put his foot on the man as if to check for signs of life or resuscitate the victim, and D.T. asked, "Is he ok?"

---

[1] The speaker used a derogatory term for African Americans.

Talbert phoned the police to report the crime. Talbert saw the two youths use their phones as flashlights to search the area around the victim's body and rummage through his belongings and pockets. Then one of the juveniles, A.M., ran into a ditch and continued in the direction of an apartment complex situated across the field to the south of Talbert's residence, while D.T. stayed around for a bit.

Police quickly responded, and, after taking a report from Talbert, units went to the apartments where A.M. was soon detained, after discarding a clip, as well as the phone and the key he had taken from the victim. A few days later, after obtaining Instagram records involving messages between A.M., D.T., and A.M.'s older brother R.M., D.T. was also detained. An autopsy revealed the cause of death was two gunshot wounds to the victim's chest and abdomen.

D.T. was charged in a subsequent wardship petition with the commission of three offenses which would be felonies if committed by an adult. (Welf. & Inst. Code, § 602, subd. (a).) Count 1 alleged the murder of Gregory Garcia (Pen. Code, § 187, subd. (a)); count 2 alleged robbery (Pen. Code, § 211), and count 3 alleged an assault with a firearm (Pen. Code, § 245, subd. (a)(2)). In addition, respecting count 1, it was further alleged D.T. personally and intentionally discharged and used a firearm (Pen. Code, § 12022.53, subds. (b), (c), (d)). Further, the petition alleged the People's intent to aggregate the terms of the previous petition sustained against D.T., in which D.T. was declared a ward for assaulting his mother, which would be a misdemeanor if committed by an adult.

4

Following an adjudicatory hearing, the juvenile court sustained the petition as to all counts and enhancements. The disposition report provided information regarding the minor's affiliation with members of the street gang Alley Boys, and with A.M., a documented member of the gang GIA (Gangsters in Action). It also noted his family history of being removed from his mother shortly after being born with a positive toxicology screen for amphetamine, and his mental health issues, including his diagnoses of Attention Deficit Disorder (ADD), Attention Deficit Hyperactivity Disorder (ADHD), anger issues, and learning disabilities. At the disposition hearing, the court continued the minor as a ward, finding that the current offense is a Welfare and Institutions Code section 707, subdivision (b) offense. The court removed custody from his legal guardian[2], and found he was suitable for commitment to a SYTF at the Gateway to ARISE program.

The court's commitment order included the maximum terms the minor would have faced if convicted as an adult: 25 years to life for count 1, 1 year consecutive for count 2, and 4 months consecutive for count three. This was modified at a subsequent non-appearance hearing to include 25 years to life for the gun discharge enhancement. In terms of his commitment time at SYTF, total maximum confinement time available is eleven (11) years, until D.T. reaches the age of 25.

The minor timely appealed.

---

[2] D.T. was raised by his maternal grandmother practically from birth, because D.T. was born with amphetamines in his system due to his mother's chronic drug use.

DISCUSSION

Minor's sole argument on appeal is that the trial court abused its discretion by committing the minor to SYTF without first ordering a psychological evaluation of the minor, based on his history of ADD, ADHD, anger issues, and learning disabilities. The People respond that the issue was forfeited by the minor's failure to request a psychiatric or psychological evaluation in the trial court. We agree that any error was forfeited, but even if the issue had been preserved, there was no abuse of discretion.

a. *Any Error Flowing From the Failure to Order and Consider a Psychological or Psychiatric Evaluation Was Forfeited By Minor's Failure to Request It.*

Respondent points out that the minor failed to request a psychological or psychiatric evaluation in the trial court, and failed to object to the court conducting the disposition hearing without having ordered and considered a mental health assessment for the minor, thereby forfeiting the error. We agree.

It is well established that procedural errors may not be raised at the appellate level if they were not raised in the trial court level. "'[E]ven constitutional rights, including those of a minor in the area of juvenile court procedure, will ordinarily be waived by silence, i.e., by their nonassertion.'" (*In re Christopher S.* (1992) 10 Cal.App.4th 1337, 1344, quoting *In re James D*. (1981) 116 Cal.App.3d 810, 817.)

The forfeiture rule even applies when a party fails to object to the adequacy of — or the failure to prepare — mandatory assessment reports in juvenile dependency proceedings. (*In re M.V.* (2014) 225 Cal.App.4th 1495, 1508-1509, citing *In re Dakota*

6

*S.* (2000) 85 Cal.App.4th 494, 502 [failure to prepare Welf. & Inst. Code, § 366.22 assessment waived by failure to object despite that provision's mandatory language]; *In re Crystal J.* (1993) 12 Cal.App.4th 407, 411–413 [inadequacy of mandatory adoption assessment under Welf. & Inst. Code, § 366.21, subd. (i) waived by failure to object]; see also *In re Aaron B.* (1996) 46 Cal.App.4th 843, 846 [similar waiver of challenge to mandatory adoption assessment].)

The minor concedes no objection was made at the hearing but asserts the issue is not forfeited because it is an error of constitutional dimension. Yet, even constitutional errors may be forfeited by the failure to assert them timely. (*Yakus v. United States* (1944) 321 U.S. 414, 444 [64 S.Ct. 660, 88 L.Ed. 834; see also, *United States v Olano* (1993) 507 U.S. 725, 731 [113 S.Ct. 1770, 123 L.Ed.2d 508].) Here, there was no mandatory requirement that an assessment be ordered, so, in the absence of a request, the issue is forfeited.

b. *Notwithstanding the Forfeiture, the Juvenile Court's Disposition Order Was a Proper Exercise of Discretion.*

Even on the merits, reversal would not be required. Following the adjudication of a petition, the juvenile court may order and adjudge a minor to be a ward of the court. (Welf. & Inst. Code, § 725, subd. (b).) When exercising its discretion on the proper disposition of a minor adjudged to be a ward under Welfare and Institutions Code section 602, the juvenile court considers a broad range of information, including a probation officer's report and any other relevant and material evidence that may be offered,

7

including statements by the victim and, for victims who are minors, the victim's parents. (§ 706.)

Additionally, in making its dispositional orders, "the court shall consider, in addition to other relevant and material evidence, (1) the age of the minor, (2) the circumstances and gravity of the offense committed by the minor, and (3) the minor's previous delinquent history."  (Welf. & Inst. Code, § 725.5; *In re John F.* (1983) 150 Cal.App.3d 182, 185.)  "'[T]he purpose of the juvenile justice system is "(1) to serve the 'best interests' of the delinquent ward by providing care, treatment, and guidance to rehabilitate the ward and 'enable him or her to be a law-abiding and productive member of his or her family and community', and (2) to 'provide for the protection and safety of the public . . . .' [Citations]" [Citation.]'"  (*In re Greg F.* (2012) 55 Cal.4th 393, 417, quoting *In re R.O.* (2009) 176 Cal.App.4th 1493, 1500.)  There is no mandatory requirement that the court order a psychiatric or psychological evaluation of a minor before making dispositional orders.

A juvenile court's commitment decision is reviewed for abuse of discretion, indulging all reasonable inferences to support its decision.  (*In re N.C.* (2019) 39 Cal.App.5th 81, 85, citing *In re Angela M.* (2003) 111 Cal.App.4th 1392, 1396.)  "'A juvenile court's commitment order may be reversed on appeal only upon a showing the court abused its discretion.  [Citation.]'"  (*In re Jonathan T.* (2008) 166 Cal.App.4th 474, 485, quoting *In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329–1330.)

8

Here, the minor argues the court abused its discretion by ordering his commitment to SYTF without the benefit of a psychological or psychiatric evaluation. Yet, the minor cites no authority requiring that a court consider such ancillary material and does not demonstrate how the dispositional order would have been more favorable to him if such an evaluation had been conducted.

The juvenile court considered all the matters it was mandated to consider in making the dispositional order, that is, the probation report and recommendation (Welf. & Inst. Code, § 706) and the factors identified in Welfare and Institutions Code section 725.5. Aside from the requisite items for consideration, the court had discretion, pursuant to Welfare and Institutions Code section 741, to "order that the probation officer obtain the services of such psychiatrists, psychologists, physicians and surgeons, dentists, optometrists, audiologists, or other clinical experts as may be required to assist in determining the appropriate *treatment* of the minor and as may be required in the conduct or implementation of the treatment." (Emphasis added.) But these services are not required before making a dispositional commitment, as is evident from the use of the words "may" and "treatment." The fact that the probation officer had recommended an evaluation in connection with D.T.'s original petition from his previous matter, which was never carried out, does not mean such an evaluation was required in the current proceeding, where no similar recommendation was made by the probation officer. Therefore, even if a timely request had been made, reversal would not be required absent a showing of prejudice.

9

We recognize that lengthy commitment for a minor as young as D.T. is harsh, but it does not mean a commitment to SYTF was an abuse of discretion where that facility has the intensive treatment and training necessary for his rehabilitation.  (See *In re Joseph H*. (2015) 237 Cal.App.4th 517, 544-545 [commitment of 11 year-old minor to DJF for murder upheld because structure and nature of programs at DJJ were best suited for minor's complex problems].)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

FIELDS
J.